Timothy B. Del Castillo (SBN 277296)
tdc@castleemploymentlaw.com
Lisa L. Bradner (SBN 197952)
lb@castleemploymentlaw.com
Kent L. Bradbury (SBN 279402)
kb@castleemploymentlaw.com
**Castle Law: California Employment Counsel, PC**
2999 Douglas Blvd., Suite 180
Roseville, CA 95661
Tel: (916) 245-0122

Attorneys for Plaintiff JORDAN BURKHARDT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN BURKHARDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXTRA SPACE MANAGEMENT, INC., a Utah Corporation, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00548-DJC-CKD<br><br>**JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]**<br><br>State Complaint Filed: January 15, 2025<br>Removal Date: February 18, 2025<br>Trial Date: Not Set |

1

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendant EXTRA SPACE MANAGEMENT, INC.

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

## JOINT MOTION TO DISMISS

Plaintiff JORDAN BURKHARDT ("Plaintiff") and Defendant EXTRA SPACE MANAGEMENT, INC, ("Defendant") (collectively the "Parties") jointly stipulate to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## RECITALS

In support of this Stipulation, the Parties state the following recitals:

**I. PROCEDURAL HISTORY**

On January 15, 2025, Plaintiff filed this wage-and-hour class action in El Dorado County Superior Court, asserting claims for violations of the California Labor Code. On February 18, 2025, Defendant removed this action to this Court.

On July 30, 2025, this Court granted Defendant's Motion to Compel Arbitration, Dismiss Class Claims, and Stay Non-Individual PAGA Claim (ECF No. 17), dismissing Plaintiff's class claims and staying Plaintiff's non-arbitrable PAGA claims pending the resolution of Plaintiff's individual arbitrable claims.

## STIPULATION

The Parties hereby stipulate as follows:

1.      The Parties wish to dismiss this action because they were ultimately able to resolve this case as part of an individual settlement.

2.      As part of the settlement, the Parties stipulated to dismiss Plaintiff's individual claims with prejudice (including Plaintiff's individual PAGA claim) and dismiss Plaintiff's non-individual PAGA claims without prejudice, as alleged in this action.

3.      The Parties hereby stipulate to dismiss this action pursuant to Fed. R. Civ. Proc 41(a)(1)(A)(ii), which provides, "subject to Rule[] 23(e) … and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: … a stipulation of dismissal signed by all parties who have appeared."

4.      Fed. R. Civ. Proc. 23(e) governing certified classes and classes proposed to be certified does not apply, because no class was certified in this action. "[P]rior to certification" a named plaintiff

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

may dismiss claims on behalf of a putative class under Fed. R. Civ. Proc. 41(a)(1) because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members." *Ripley v. Bridgestone Retail Ops., LLC.*, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23 does not mandate either court approval of the instant settlement or notice to putative class members" [quoting *Allred v. Chicago Title Co.*, 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020]).

5.    Dismissal is effective upon the filing of a compliant notice or stipulation, as described in Fed. R. Civ. Proc. 41(a)(1)(A), and no court order is required. *Stone v. Woodford*, 2007 WL 527766 (E.D. Cal. Feb. 16, 2007).

6.    No further or heightened inquiry is required under Fed. R. Civ. Proc. 23. No class members' rights will be adversely impacted by the dismissal of this action, because no class was certified in this action.

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties through their undersigned counsel of record, that pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii), Plaintiff's individual claims be dismissed with prejudice (including Plaintiff's individual PAGA claim) and Plaintiff's non-individual PAGA claims be dismissed without prejudice and each party shall bear their own attorneys' fees and costs in this action.

The Parties respectfully request the Court to issue an order dismissing Plaintiff's non-individual PAGA claims without prejudice and Plaintiff's individual claims with prejudice (including Plaintiff's individual PAGA claim) and directing the Clerk to close the case.

**IT IS SO STIPULATED.**

**[SIGNATURES FOLLOW ON NEXT PAGE]**

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

Dated:  April 1, 2026              CASTLE LAW: CALIFORNIA EMPLOYMENT
                                                  COUNSEL, PC


                                          By:    /s/ Kent L. Bradbury
                                                 Timothy B. Del Castillo
                                                 Lisa L. Bradner
                                                 Kent L. Bradbury
                                                 Bryce Q. Fick
                                                 Attorneys for Plaintiff
                                                 JORDAN BURKHARDT


Dated:  April 1, 2026              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                          By:    /s/ Matthew M. Sonne
                                                 MATTHEW M. SONNE
                                                 Attorneys for Defendant
                                                 EXTRA SPACE MANAGEMENT, INC.

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

**ATTESTATION**

Concurrence in the filing of this document as been obtained from each of the individuals whose electronic signature is attributed above.

Dated:  April 1, 2026                              CASTLE LAW: CALIFORNIA EMPLOYMENT
                                                   COUNSEL, P.C.


                                                   By:   /s/ Kent L. Bradbury
                                                         Kent L. Bradbury
                                                         Attorney for Plaintiff
                                                         JORDAN BURKHARDT


**[ORDER FOLLOWS ON NEXT PAGE]**

6

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

**<u>ORDER OF DISMISSAL</u>**

Plaintiff JORDAN BURKHARDT ("Plaintiff") and Defendant EXTRA SPACE MANAGEMENT, INC. have filed a joint motion to dismiss this action in its entirety. All parties have agreed to the dismissal.

In light of the joint motion, this action is **DISMISSED** in its entirety. Specifically, Plaintiff's individual claims are dismissed with prejudice (including Plaintiff's individual PAGA claim) and Plaintiff's non-individual PAGA claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also Ripley v. Bridgestone Retail Ops., LLC.*, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23 does not mandate either court approval of the instant settlement or notice to putative class members" [quoting *Allred v. Chicago Title Co.*, 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020]).

Accordingly, the Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated:  April 1, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]